# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**RANDY A. HART,**
**D.O.C. # 075432,**

    **Plaintiff,**

vs.                                                    Case No. 4:18cv339-MW/CAS

**WARDEN D.S. COLLINS,**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this prisoner civil rights action on July 18, 2018. ECF No. 1. Plaintiff submitted a civil rights complaint, ECF No. 1, but he did not pay the filing fee at the time of case initiation. Moreover, Plaintiff did not submit an in forma pauperis motion, although he included a statement within his complaint that he was requesting "leave of court to proceed as a pauper, IFP." ECF No. 1 at 6 (citing 28 U.S.C. § 1915(g)).

Plaintiff's complaint does not properly list all prior cases filed by Plaintiff. Instead, Plaintiff directs the Court to "see the Court's PACER

case locator" and Plaintiff indicates he filed "more cases." ECF No. 1 at 4. Plaintiff does not state how many cases he has filed, nor does he properly acknowledge that he has previously had three or more cases dismissed as either frivolous, malicious, or for failing to state a claim.[1] *Id.*

More importantly, Plaintiff's complaint does not provide factual allegations which demonstrate that Plaintiff faces imminent danger of serious physical injury. Rather, Plaintiff alleges that his First Amendment and due process rights have been violated. ECF No. 1 at 5. That allegation is both insufficient to grant Plaintiff leave to proceed with in forma pauperis status and to state a claim.

Under § 1915(g), a prisoner cannot bring a new civil action with in forma pauperis status "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To proceed under the "imminent danger"

---

[1] Underlining the words "failing to state a claim" is not a proper acknowledgment of Plaintiff's prior cases. ECF No. 1 at 4. The complaint form requires Plaintiff to "identify each and every case so dismissed," but Plaintiff did not comply.

exception, a prisoner must face a likelihood of "serious physical injury" at the time he files his complaint as "imminent" suggests "present tense" and events from the past as insufficient.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that because the events which formed basis for prisoner's complaint "had ceased prior to the filing of his Complaint," and he did not allege an ongoing danger, denial of the in forma pauperis motion was proper under § 1915(g)); see also Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) (stating that the complaint "must allege a present imminent danger, as opposed to a past danger.") (quoted in Smith v. Dewberry, No. 16-17178, 2018 WL 3359602, at *3 (11th Cir. July 10, 2018)).  Plaintiff's complaint, ECF No. 1, does not allege that Plaintiff faces "imminent danger of serious physical injury."

Judicial notice is taken that Plaintiff Randy Allen Hart,# 075432,[2] filed case number 1:16cv21395-UU, a prisoner civil rights action, in the Southern District of Florida.  It was dismissed on May 9, 2016, "pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) for failure to state a claim upon which relief could be granted."  ECF No. 6 of that case.  Plaintiff also filed case number

---

[2] In all cases cited, it has been confirmed by reviewing the inmate number that Plaintiff Randy Hart is the same person who filed the other cases.

Case No. 4:18cv339-MW/CAS

8:16-cv-1337-T-33JSS in the Middle District of Florida. It was dismissed on June 3, 2016, for failing to state a claim because he brought a § 1983 claim against his public defender, who is not a state actor. Plaintiff filed case number 1:15cv21257-DPG in the Southern District of Florida. It was dismissed on August 31, 2015, for failing "to state a cognizable claim for relief under Section 1983." ECF No. 33 of that case. In addition, Plaintiff had a case dismissed on August 1, 2016, in the Middle District of Florida because he had "three strikes" and did not allege sufficient facts to show he was imminent danger of serious physical injury. Case # 8:16cv02109-SDM-AEP. Thus, it is apparent that Plaintiff is well aware that he is not entitled to in forma pauperis status, which is likely the reason that Plaintiff did not file such a motion at case initiation.

However, Plaintiff also has not alleged imminent danger of serious physical injury" as required by 28 U.S.C. § 1915(g). Thus, this case should be dismissed because Plaintiff did not pay the filing fee at the time he sought to initiate this case. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001) (concluding that "[a]fter the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit."); Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "prisoner

cannot simply pay the filing fee after being denied in forma pauperis status" and must "pay the filing fee at the time he initiates the suit."). Plaintiff filed a belated "motion for an extension of time" in which to pay the filing fee. ECF No. 3. That motion should be denied. Plaintiff may refile this action if and when he has funds to pay the filing fee.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** because Plaintiff is not entitled to proceed without full payment of the filing fee pursuant to 28 U.S.C. § 1915(g). It is also **RECOMMENDED** that Plaintiff's motion for an extension of time, ECF No. 3, be **DENIED**, and the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g.

**IN CHAMBERS** at Tallahassee, Florida, on October 23, 2018.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections**

to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.